THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| ANA ELSATEL, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| MAVERIK, INC., d/b/a Maverik Country Store, | ) |
| Defendant. | ) |

Case No.2:10-CV-989-DS

MEMORANDUM DECISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on Defendant Maverik, Inc.'s motion for summary judgment.  The court has considered the briefs submitted by the parties and pursuant to DUCivR 7-1(f)will determine the motion based on the written memoranda without the assistance of oral argument.

## Background

Plaintiff Anan Elsatel ("Mr. Elsatel")is of Jordanian descent.  He worked for defendant Maverik, Inc. ("Maverik") for 10 years total, during which time he held various store director positions and for approximately one year worked in loss prevention. Plaintiff was an at-will employee. Never at any time in the ten years he was employed by Maverik did plaintiff complain of unfair treatment because of his national origin. In December 2009, Mr. Elsatel's area supervisor became aware of and

observed several policy violations committed by Mr. Elsatel.
Plaintiff was terminated from Maverik's employment on December
23, 2009.  Plaintiff first asserted claims of discrimination
against Maverik on April 16, 2010 in an EEOC filing. Mr. Elsatel
now asserts claims of discriminatory transfer and discriminatory
discharge.

<u>Fed. R. Civ. P. 56 Standards for Summary Judgment</u>

Under Fed. R. Civ. P. 56, summary judgment is proper only
when the pleadings, affidavits, depositions or admissions
establish there is no genuine issue regarding any material fact
and the moving party is entitled to judgment as a matter of law.
The burden of establishing the nonexistence of a genuine issue of
material fact is on the moving party.[1] <u>E.g.</u>, <u>Scott v. Harris</u>,
127 S. Ct. 1769 (2007); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317
(1986); <u>Adler v. Wal-Mart Stores, Inc.</u>, 144F. 3d  664, 670, (10th
Cir. 1998). This burden has two distinct components:  an initial
burden of production on the moving party, which burden when
satisfied shifts to the nonmoving party, and an ultimate burden
of persuasion, which always remains on the moving party.  <u>See</u> 10A
C. Wright, A. Miller & M. Kane, <u>Federal Practice and Procedure</u> §
2727 (3d ed. 2008).

---

[1]Whether a fact is material is determined by looking to
relevant substantive law. ; <u>Anderson v. Liberty Lobby, Inc.</u>, 477
U.S. 242, 248 (1986); <u>Adler</u>, 144F. 3d at 670.

When summary judgment is sought, the movant bears the initial responsibility of informing the court of the basis for his motion and identifying those portions of the record and affidavits, if any, he believes demonstrate the absence of a genuine issue of material fact. <u>Scott</u>, 127 S. Ct. At 1776; <u>Celotex</u>, 477 U.S. at 323.  In a case where a party moves for summary judgment on an issue on which he would not bear the burden of persuasion at trial, his initial burden of production may be satisfied by showing the court there is an absence of evidence in the record to support the nonmovant's case.[2]  <u>Adler</u>, 144F. 3d at 670-71; <u>Celotex</u>, 477 U.S. at 323.  "[T]here can be no

[2]In his dissent in <u>Celotex</u>, Justice Brennan discussed the mechanics for discharging the initial burden of production when the moving party seeks summary judgment on the ground the nonmoving party--who will bear the burden of persuasion at trial--has no evidence:

> Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient.  Such a 'burden' of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment.  Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record.  This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence.  If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record.  Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.

477 U.S. at 323 (citations (omitted).

issue as to any material fact . . . [when] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.

Once the moving party has met this initial burden of production, the burden shifts to the nonmoving party to designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324; Adler, 144F. 3d at 671.

> If the defendant in a run-of-the-mill civil case moves for summary judgment . . . based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakenly favors one side or the other, but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict . . . .

Liberty Lobby, 477 U.S. at 252.  The central inquiry is "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Id</u>.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  <u>Id</u>., 477 U.S. at 242.

<u>Analysis</u>

Mr. Elsatel alleges discrimination by Maverik under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), on the basis of national origin. There is no direct evidence of discrimination in this case so the plaintiff has the burden of establishing his discrimination claim under the standards set forth in *McDonnell Douglas Corp. V. Green*, 411 U.S. 792 (1973). *McDonnell Douglas* employs a burden shifting analysis that requires the plaintiff to establish a prima facie case of discrimination.  *Johnson v. Weld Cnty.,* 594 F.3d 1202, 1210-11 (10th Cir. 2010).  The burden then shifts to the defendant to "articulate a legitimate, non-discriminatory reason for the adverse employment action." *Id.* at 1211.  Next, the burden "shifts back to the plaintiff, who must prove by a preponderance of the evidence that the employer's reasons are a pretext for unlawful discrimination." *Id.*

Even construing the complaint and Mr. Elsatel's opposition to the motion for summary judgment liberally and in a light most

favorable to the plaintiff given his pro se status, plaintiff has failed to carry his burden.  He has not established a prima facie case of discriminatory transfer or termination, nor has he shown that Maverik's asserted reasons for the transfer or his discharge were illegitimate or were a pretext.  His opposition did not address the *McDonnell Douglas* standards nor make any legal arguments in opposition to those advanced by Maverik.

The court has reviewed the undisputed material facts and finds as a matter of law that plaintiff cannot carry his burden and defendant is entitled to judgment as a matter of law. Accordingly, for the reasons thoroughly briefed by defendant Maverik, which arguments are incorporated herein, the motion for summary judgment is granted. Plaintiff's claims are dismissed in their entirety with prejudice.

SO ORDERED.


DATED this 3rd day of February, 2012.

BY THE COURT:


_____
David Sam
Senior Judge
United States District Court